IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No.: CR 16-81 |
| | ) | |
| vs. | ) | |
| | ) | DEFENDANT'S SENTENCING |
| MICHAEL BORDMAN, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

Michael Bordman, through counsel, hereby submits the following sentencing memorandum for sentencing.

### I. Witnesses

Mr. Bordman does not anticipate calling any witnesses at the sentencing hearing.

### II. Exhibits

Mr. Bordman does not anticipate submitting any exhibits at the sentencing hearing.

### III. Issues

The PSR has identified six issues to be resolved at the sentencing hearing. However, three of the issues have been resolved. First, Mr. Bordman is withdrawing his objection to paragraph 18 of the PSR being included in the PSR. Second, Mr. Bordman is withdrawing his objection to paragraph 89 of the PSR, requiring him to participate in and complete a program of testing and treatment for substance abuse. Third, the parties agree that Mr. Bordman is indigent for purposes of determining whether he should be required to pay a $5,000 special assessment per count (PSR ¶¶ 93-94), and therefore he should not be ordered to pay such assessment. Mr. Bordman notes that the PSR reflects that he has no net worth and no monthly cash flow. (PSR ¶ 68). For the remaining three sentencing issues to be resolved, Mr. Bordman will address them in turn.

A. The Court Should Not Impose Two Recommended Conditions Of Supervised Release

The probation office proposes that Mr. Bordman be subject to special conditions of supervised release providing: (1) that he "must not operate or use photographic equipment, a computer, or any electronic storage device to view or produce any form of pornography or erotica (PSR ¶ 80); and (2) that he "must not own or possess any pornographic materials" and that he "must not use any form of pornography or erotica nor enter any establishment where pornography or erotica can be obtained or viewed," (PSR ¶ 81). Mr. Bordman objects to the recommendation of these special conditions.

Under 18 U.S.C. § 3583(d), the Court may impose special conditions of supervised release only "if the conditions are reasonably related to the sentencing factors set forth in § 3553(a), involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a), and are consistent with any pertinent policy statements issued by the Sentencing Commission." *United States v. Morais*, 670 F.3d 889, 895 (8th Cir. 2012).

The proposed special conditions at issue fail that test. For one, they are overbroad and vague, and they provide entirely too much discretion to the probation office in deciding what constitutes a violation. "Pornography" and "erotica" are subjective terms, and what might not be considered pornography or erotica by Mr. Bordman could be determined to be such by the probation office. See *United States v. Loy*, 237 F.3d 251, 261, 266 (3rd Cir. 2001)(striking down a condition banning a defendant from possessing all forms of pornography including legal adult pornography, based on vagueness grounds); *but see United States v. Ristine*, 335 F.3d 692, 694-95 (8th Cir. 2003)(upholding conditions which ban owning or possessing any pornographic materials, using any pornography or erotica, and entry into any establishment where pornography or erotica can be obtained or viewed). For example, material which is available at a Barnes & Noble store,

2

Case 1:16-cr-00081-LRR-MAR   Document 43   Filed 05/04/17   Page 2 of 6

such as a book depicting certain works of art, could be considered by some to be erotica or pornography, but to others it would not be considered such. The vagueness of these recommended conditions fail to give Mr. Bordman adequate notice as to when he would be violating the conditions. Of further concern is the fact that the conditions are overbroad in that they prohibit Mr. Bordman from accessing lawful materials which are protected by the First Amendment.

Secondly, the proposed special conditions are unnecessary and counterproductive. Although Mr. Bordman pled guilty to child pornography offenses, there is absolutely no evidence that preventing him from looking at legal, adult pornography or erotica, or preventing him from going into any establishment where pornography or erotica can possibly be viewed, will protect children or serve any useful purpose. If the Court adopts the other proposed special conditions of supervised release, he will already be prohibited from "contact with children under the age of 18" without the probation office's consent (PSR ¶ 85), and any computer or electronic storage devices will be subject to random monitoring by the probation office (PSR ¶ 82), among other things. These conditions are sufficient to protect children and to promote Mr. Bordman's rehabilitation. Although Eighth Circuit law suggests that a court would be within its discretion to impose these special conditions, *see Ristine*, 335 F.3d at 695, this Court should not do so.

B.   A Downward Variance is Appropriate Based on § 3553(a) Factors

Mr. Bordman's sentencing guidelines range suggests a sentence of 600 months, or 50 years, in prison. (PSR ¶ 71). This is the statutorily allowed maximum sentence for the offenses to which Mr. Bordman pled guilty. However, Mr. Bordman asserts that a sentence of 180 to 240 months is sufficiently severe to address the nature and circumstances of his offenses and his history and characteristics, as well as the other 18 U.S.C. § 3553(a) factors.

Unquestionably, Mr. Bordman's offenses of conviction are repugnant and very serious. However, a prison sentence of 600 months could very well amount to a life sentence for Mr. Bordman. Even assuming he is granted the maximum amount of good time which he can earn within the Bureau of Prisons, he will serve approximately 43.5 years in prison. Mr. Bordman would be 66.5 years of age upon release. If he does not earn good time, he would be approximately 73 years of age upon release. A sentence of this length is more severe than the sentencing guidelines suggest for such grave crimes as second degree murder, *see* USSG § 2A1.2, conspiracy to commit murder, *see* USSG § 2A1.5, bank robbery involving the discharge of a firearm and causing life-threatening injury, *see* USSG § 2B3.1, and drug trafficking causing death, *see* USSG § 2D1.1, for a criminal history category I offender like Mr. Bordman. His offenses do not warrant a sentence longer than one he would likely receive had he killed or seriously injured another person.

It is also important to consider the fact that Mr. Bordman is a true criminal history category I offender, with no prior criminal convictions on his record. (PSR ¶¶ 42-43). For someone such as himself, with no criminal history, and who is first-time child pornographer offender, a sentence of 50 years in prison is excessive and would not be a just punishment.

Another significant factor in this case which mitigates against a guidelines range sentence is that Mr. Bordman was sexually abused by at least one of his parents when he was a young child. (PSR ¶ 50). Both of his parents were incarcerated due to abusing Mr. Bordman and/or his sisters, and his father specifically admitted to perpetrating oral and anal sex on him. (PSR ¶ 50). Mr. Bordman's father died in prison, and his mother is still incarcerated. (PSR ¶ 50). Due to the abuse, he was removed from the parental home, and he was bounced around between foster homes and group homes for the rest of his childhood. (PSR ¶ 52). He was never able to stay at one place for more than one year, due to the level of care he required. (PSR ¶ 52). Therefore, due to

4

factors beyond his own control, Mr. Bordman had a very unstable upbringing with no parental guidance, and from all appearances, no family support whatsoever. The abuse he suffered also likely led to the mental health issues for which Mr. Bordman has been treated, including bipolar personality disorder, severe depression, and recurrent attachment disorder. (PSR ¶ 56).

Mr. Bordman acknowledges that his conduct requires punishment. There is no excuse for someone exploiting a child. However, he respectfully asserts that a just punishment, taking into account his history and characteristics, is less than the calculated advisory guidelines range of 600 months. A sentence of 15 to 20 years in prison, and a requirement that he participate in a sex-offender treatment program, would be "sufficient, but not greater than necessary" to comply with the factors set forth in 18 U.S.C. §3553(a). Such a sentence would serve to punish Mr. Bordman, but it would also allow him to get out of prison at an age of which he could still learn a trade. He could then become a productive member of society, and begin to provide some financial support for his daughter.

## IV. Conclusion

Wherefore, for the above-stated reasons, this Court should not impose certain recommended conditions of supervised release, and it would be appropriate for this Court to vary downward to non-guidelines range sentence of imprisonment.

    FEDERAL DEFENDER'S OFFICE
    222 Third Avenue SE, Suite 290
    Cedar Rapids, IA   52401-1509
    TELEPHONE: (319) 363-9540
    TELEFAX: (319) 363-9542

    BY: /s/   Jill M. Johnston
    JILL M. JOHNSTON
    jill_johnston@fd.org
    ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2017, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

By: _/s/ Carrie Maas_