IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 16-81-LRR |
| Plaintiff, | ) | |
| vs. | ) | |
| MICHAEL BORDMAN, | ) | GOVERNMENT'S SENTENCING |
| Defendant. | ) | MEMORANDUM |

The government submits the following memorandum to address issues to be decided by the Court at sentencing.

I. **SUMMARY OF THE CASE**

    A.    Witnesses: None at this time.

    B.    Exhibits: None at this time.

    C.    United States Sentencing Guidelines (USSG) Calculation: The government agrees with the guidelines calculation in the Presentence Investigation Report (PSIR).

    D.    The government will file a separate response to defendant's motion for a downward variance.

II. **THE COURT SHOULD IMPOSE THE PROPOSED SPECIAL CONDITIONS OF SUPERVISED RELEASE**

Defendant argues that the Court should not impose special conditions of supervised release prohibiting (1) his use of photographic equipment, a computer, or any electronic storage device to view or produce pornography or erotica (PSIR ¶ 80); and (2) his possession of pornography, his use of pornography or erotica, or his entering any establishment where pornography or erotica can be obtained or viewed (PSIR ¶ 81). These special conditions are appropriate in this case.

1

In *United States v. Muhlenbruch*, 682 F.3d 1096 (8th Cir. 2012), the court stated:

> District courts have "wide discretion" to impose conditions of supervised release so long as they are "reasonably related" to (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the deterrence of criminal conduct; (4) the protection of the public from further crimes of the defendant; and (5) the defendant's educational, vocational, medicinal, or other correctional needs.

*Id.* at 1102 (quoting *United States v. Richart*, 662 F.3d 1037, 1056 (8th Cir. 2011)). "In addition, the conditions must not involve a 'greater deprivation of liberty than is reasonably necessary' to achieve such purposes, and must be consistent with the Sentencing Commission's policy statements." *Id.* at 1102-03 (quoting *Richart*, 662 F.3d at 1056); 18 U.S.C. § 3583(d).

"'In fashioning a special condition of supervised release, a court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements.'" *United States v. Schaefer*, 675 F.3d 1122, 1124 (8th Cir. 2012) (quoting *United States v. Springston*, 650 F.3d 1153, 1156 (8th Cir. 2011), *vacated and remanded on other grounds*, 132 S. Ct. 1905 (2012)). "A special condition need not be related to all the factors; the factors are to be weighed independently." *Id.* (quoting *Springston*, 650 F.3d at 1155-56).

In *United States v. Schultz*, 845 F.3d 879 (8th Cir. 2017), after this Court revoked a SORNA defendant's supervised release, he appealed the reimposition of a condition prohibiting him "'from owning or having in his possession any pornographic materials' or from 'enter[ing] any establishment where pornography

or erotica can be obtained or viewed.'" *Id.* at 881. The defendant argued that "the provisions are overbroad and vague, such that he has no clear notice as to what he can view or what businesses he can enter without violating his supervised release." *Id.* at 881-82. The Eighth Circuit held that this Court did not plainly err in reimposing the condition. *Id.* at 882. It stated, "As we have previously held, 'the need to protect children from future exploitation' justifies banning a defendant 'from possessing any pornography.'" *Id.* (quoting *United States v. Mefford*, 711 F.3d 923, 927 (8th Cir. 2013), in turn citing *United States v. Ristine*, 335 F.3d 692, 694-95 (8th Cir. 2003)). *See Muhlenbruch*, 682 F.3d at 1105 (finding district court did not abuse its discretion in imposing pornography restrictions for defendant who received and possessed child pornography; citing *United States v. Wiedower*, 634 F.3d 490, 496 (8th Cir. 2011); *Ristine*, 335 F.3d at 694).

In this case, it is appropriate for the Court to impose the special conditions probation proposes. Defendant sexually exploited a young child, distributed to others the child pornography he produced, and traded child pornography with others. (PSIR ¶¶ 6-17, 19-21A). Defendant repeatedly expressed his sexual interest in children. (*Id.*). An individualized inquiry into the facts and circumstances of this case shows that the proposed special conditions are reasonably related to the factors under 18 U.S.C. § 3553(a). The Court should impose the special conditions.

Respectfully submitted,

SEAN R. BERRY
Acting United States Attorney

By: s/ Mark Tremmel

MARK TREMMEL
Assistant United States Attorney
111 Seventh Avenue SE, Box 1
Cedar Rapids, Iowa  52401
(319) 363-6333 / (319) 363-1990 (fax)
Mark.Tremmel@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on May 4, 2017.

UNITED STATES ATTORNEY

BY: s/ Mark Tremmel

COPIES TO:  Jill Johnston